**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
*Filed Electronically*

| | |
|---|---|
| BEVERLY KENNEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:24-CV-100-BJB |
| ) | |
| CINEMARK USA, INC. ) | Removed from McCracken Circuit |
| ) | Court; Case No. 24-CI-00351 |
| Defendant. ) | |

## NOTICE OF REMOVAL

For its Notice of Removal of this action from McCracken Circuit Court, McCracken County, Kentucky to the United States District Court for the Western District of Kentucky, Paducah Division, Defendant Cinemark USA, Inc. ("Cinemark"), states as follows:

1. On or about April 17, 2024, Plaintiff Beverly Kenney ("Plaintiff") filed a Complaint in McCracken Circuit Court, bearing Civil Action No. 24-CI-00351 (the "State Court Action").

2. Cinemark was served with a Summons and Plaintiff's Complaint for the State Court Action on or about April 19, 2024. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Cinemark in the State Court Action are attached to this Notice of Removal as **Exhibit A**.

3. Based upon the allegations in Plaintiff's Complaint, Plaintiff is a citizen of Kentucky.

4. Cinemark is and was at all times relevant hereto, including at the time of the filing of this Notice of Removal and at the commencement of this action against Cinemark, a Texas

corporation with a principal place of business in Plano, Texas, and is therefore deemed a citizen of Texas.

5.    Therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship amongst the parties, as Plaintiff is a citizen of the Commonwealth of Kentucky, and Cinemark, the only Defendant in this action, is not domiciled in or a resident of the Commonwealth of Kentucky.

6.    In the Complaint, Plaintiff does not set forth a specific amount of damages claimed against Cinemark.  However, Plaintiff claims serious injuries and corresponding damages arising from the incident at issue in her Complaint, including "bodily injuries both temporary and permanent"; that she "has been forced to incur hospital, doctor, medical, and drug expenses and will be forced to incur same in the future"; that "she has experienced physical and mental pain and suffering and will be forced to experience same in the future"; and "her ability to earn money has been permanently impaired".

7.    In an effort to investigate the amount in controversy, Cinemark served written discovery requests seeking admissions regarding Plaintiff's claimed damages.  On May 16, 2024, in response to Cinemark's Requests for Admissions, Plaintiff denied that her "claimed damages related to the Incident, including but not limited to any past and future medical expenses, mental and emotional anguish, lost wages, lost power to labor and pain and suffering do not exceed Seventy-Five Thousand ($75,000) dollars." Plaintiff also denied that she is "not seeking in excess of Seventy-Five Thousand ($75,000) dollars in this matter." *See* Plaintiff's Responses to Cinemark's Requests for Admissions, attached as **Exhibit B.**

8.    Given the amount, serious nature, and duration of the physical injuries Plaintiff alleges, the large number of independent categories of damages Plaintiff seeks, and Plaintiff's

2

Responses to Cinemark's Requests for Admissions, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000. *See, e.g., Hacker v. Aetna Life Insurance Company,* No. 6:18-CV-334-REW-HAI, 2019 WL 638369 (E.D. Ky. February 13, 2019) (noting that a plaintiff's "denial[]" of a request regarding the amount in controversy, "coupled with other factors, can satisfy the amount-in-controversy requirement.").

9.  This Notice of Removal is timely because Cinemark filed it within thirty (30) days of Cinemark's receipt of Plaintiff's responses to Cinemark's discovery requests, at which time Cinemark became aware that the amount in controversy exceeds the jurisdictional threshold of this Court. Cinemark also filed this Notice of Removal within one year of the commencement of this action, as required by 28 U.S.C. § 1446(b). Accordingly, removal of this action is timely.

10.  This lawsuit is, therefore, a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Further, removal to this judicial district and division is proper under 28 U.S.C. § 1441(a), as this District and Division embrace McCracken County, Kentucky, where the State Court Action is pending.

11.  Promptly after it is filed with this Court, Cinemark will serve this Notice on Plaintiff and file a copy of this Notice with the Clerk of the McCracken County Circuit Court.

WHEREFORE, this action is properly removed from the McCracken County Circuit Court, Kentucky to this Court for all further proceedings.

Respectfully submitted,

FROST BROWN TODD LLP

*/s/ Nathaniel T. Fowler*
Andrew M. Palmer
Nathaniel T. Fowler
Sarah N. Hall
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
(502) 589-5400 – Phone
(502) 581-1087 – Fax
apalmer@fbtlaw.com
nfowler@fbtlaw.com
shall@fbtlaw.com
*Counsel for Defendant Cinemark USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Clerk of the Court using the electronic system which will provide service to all registered users, and was also served by electronic transmission and/or mail, on May 22, 2024

Aaron Harper
Edwards and Kautz, PLLC
222 Walter Jetton Blvd.
Paducah, KY 42002
aharper@eandklaw.com
*Counsel for Plaintiff*

*/s/ Nathaniel T. Fowler*
*Counsel for Defendant Cinemark USA, Inc.*

0123818.0786926  4892-7148-7167v1